UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| AMANDA U. AJULUCHUKU, | Civil No. 05-2964 (JRT/FLN) |
| Plaintiff, | |
| v. | **ORDER ADOPTING REPORT AND RECOMMENDATION** |
| DOBBS TEMPORARY SERVICES, INC., d/b/a Pro Staff Personnel Services, | |
| Defendant. | |

Amanda U. Ajuluchuku, General Delivery, Greensboro, NC 27420, plaintiff *pro se*.

Charles E. Jones, **MEAGHER & GEER**, 33 South Sixth Street, Suite 4400, Minneapolis, MN 55402-3788, for defendant.

Plaintiff Amanda Ajuluchuku brought this action against defendant Pro Staff Personnel Services ("Pro Staff"), a nation-wide staffing agency, for alleged discriminatory hiring practices. On October 13, 2005, plaintiff scheduled an interview for an accounting position with Pro Staff. Plaintiff alleges that defendant conducted the interview in a discriminatory manner, and refused to offer plaintiff an accounting position because of her physical disability. Defendant filed a motion to dismiss for improper venue, arguing that venue is improper in the District of Minnesota. In a Report and Recommendation dated August 23, 2006, United States Magistrate Judge Franklin L. Noel recommended that this Court grant defendant's motion to dismiss for improper venue. The Court has conducted a *de novo* review of plaintiff's objection under 28

U.S.C. §636(b)(1)(C) and D. Minn. LR 72.2(b). For the following reasons, this Court adopts the Magistrate Judge's Report and Recommendation.

Plaintiff alleges that Pro Staff's refusal to offer her a job constitutes employment discrimination under Title VII and disability discrimination under the Americans with Disabilities Act ("ADA"). As such, plaintiff's claims are governed by the specific venue statutes under Title VII and the ADA. *See* 42 U.S.C. §§ 2000e-5(f)(3), 12117(a). The venue provision of Title VII provides that an employment discrimination claim may be brought

> in any judicial district in the State in which the unlawful employment practice is alleged to have been committed, in the judicial district in which the employment records relevant to such practice are maintained and administered, or in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice ….

42 U.S.C. § 2000e-5(f)(3). If the defendant is not found in any of these three judicial districts, plaintiff may bring an action in the district in which defendant has its principal office. *Id.*

Claims of disability discrimination brought under the ADA are similarly governed by the venue provision of Title VII. *See* 42 U.S.C. § 12117(a) (providing that the "powers, remedies, and procedures set forth in … section 2000e-5(f)(3)" shall apply to disability claims under the ADA); *see also Chubb v. Union Pac. R.R. Co.*, 908 F. Supp. 853, 855 (D. Colo. 1995) (holding that the venue provisions of Title VII apply to disability claims under the ADA).

The Magistrate Judge found that plaintiff failed to allege facts sufficient to establish Minnesota as the proper forum for her discrimination claims. This Court

agrees. The alleged discrimination took place in northern Georgia, where Pro Staff maintains its employment records and other documents relevant to this dispute. Moreover, plaintiff would have worked in Georgia but for the alleged discrimination. In response to defendant's motion, plaintiff asserted simply that Minnesota is home to the defendant's corporate parent. The Court finds that this fact alone does not establish proper venue in Minnesota. Because plaintiff has filed her claim in an improper forum, the Court agrees with the Magistrate Judge's recommendation that defendant's motion to dismiss for improper venue be granted.

## ORDER

Based on the foregoing, all the records, files, and proceedings herein, the Court **OVERRULES** plaintiff's objection [Docket No. 62] and **ADOPTS** the Magistrate Judge's Report and Recommendation dated August 23, 2006 [Docket No. 61]. **IT IS HEREBY ORDERED** that defendant's motion to dismiss for improper venue [Docket No. 30] is **GRANTED**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED: November 27, 2006            s/ John R. Tunheim
at Minneapolis, Minnesota.          JOHN R. TUNHEIM
                                                       United States District Judge